IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

BARRY MICHAELS on behalf of himself               Case No. _____
and all others similarly situated,

                              Plaintiffs,

vs.

LORETTA LYNCH, as Attorney General of
THE UNITED STATES OF AMERICA and

THOMAS E. BRANDON, as DEPUTY DIRECTOR,
HEAD OF THE BUREAU OF ALCOHOL,
TOBACCO, FIREARMS AND EXPLOSIVES,

                              Defendants

_____/

**BARRY MICHAELS**, on his own behalf and on behalf of all others similarly situated,

by his undersigned counsel, MICHAEL E. ZAPIN, ESQ. and HERMAN A. SAITZ,

ESQ., files this Complaint against the above captioned defendants, respectfully alleging

as follows:


## I.  THE PARTIES

1.  Plaintiff Barry Michaels ("plaintiff") is a natural person and citizen of the United

    States of America, residing in Las Vegas, Nevada.  Plaintiff is a convicted *non-*

    *violent* felon who completed his sentence more than five years ago, has not

    committed any crimes within such time, is not a fugitive from justice, has not been

    discharged from the Armed Forces under dishonorable conditions, is not an

unlawful user of or addicted to any controlled substances, has not been adjudicated as a mental defective or committed to a mental institution, is not on parole or probation,  is not under indictment or restraint, desires to purchase a firearm for lawful purposes, but refrains from doing so only because he reasonably fears criminal prosecution under 18 U.S.C. § 922(g)(1) as directed and enforced by the defendants, and is accordingly deprived of his Second Amendment right, due to enforcement of 18 U.S.C. § 922(g)(1), which is unconstitutional *as applied* against him.

2. Defendant Loretta Lynch ("defendant Lynch") is sued in her representative capacity as Attorney General of  The United States of America, charged with the responsibilities of supervising and directing the administration and operation of the Department of Justice, including the Federal Bureau of Investigation, Drug Enforcement Administration, Bureau of Alcohol, Tobacco, Firearms and Explosives, Bureau of Prisons, Office of Justice Programs, and the U.S. Attorneys and U.S. Marshals Service, which are all within the Department of Justice.

3. Defendant Thomas E. Brandon ("defendant Brandon") is sued in his representative capacity as Deputy Director and Head of the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF").   As the Head of ATF, defendant Brandon is in charge of the Bureau and responsible for the unique law enforcement agency within the U.S. Department of Justice charged with enforcing firearms and explosives laws and regulations that protect communities from violent criminals and criminal organizations.

## II.  JURISDICTION

4.  The Court has subject matter jurisdiction based on  28 U.S.C. §§ 1331, 1343(a)(1), 1346(a)(2), 2201(a) and 2202.

## III.  VENUE

5.  Venue in the within Court is proper based on  28 U.S.C.  §§ 1391  and 1402(a)(1).

## IV.  STATEMENT OF FACTS

### A.  Background

6.  The Second Amendment to the United States Constitution ("Second Amendment") sets forth, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

7.  The Second Amendment has been construed to confer an individual right to keep and bear arms, *Dist. Of Columbia V. Heller*, 554 U.S. 570 (2008).

8.  On October 22, 1968, the United States Congress enacted *The Gun Control Act of 1968*, codified at 18 U.S.C. 922 ("the Act").  The express purpose of the Act was:

> … to provide support to Federal, State and Local law enforcement officials in their fight against crime and violence, and **it is not the purpose of this title to place any undue or unnecessary restrictions or burdens on law-abiding citizens** with respect to the acquisition, possession or use of firearms appropriate to the purpose of hunting, trapshooting, target shooting, personal protection, or any other lawful activity, and that **this title is not intended to discourage or eliminate the private ownership or use of firearms by law abiding citizens…**

3

[emph. added]

18 U.S.C. § 922(g), sets forth, in pertinent part:

It shall be unlawful for any person –

(1.) **who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year**; …

… to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or **to receive any firearm or ammunition** which has been shipped or transported in interstate or foreign commerce.

[emph. added]

9.   The thrust of the Act and its amendments was intended to prevent or minimize the number of violent crimes committed in the United States, see e.g., the *Brady Handgun Violence Protection Act* of 1993, which implemented a waiting period before the purchase of a handgun, and the establishment of a national instant criminal background check system for firearms dealers before transferring any firearms, as additional safeguards to ward off handgun violence.

**B.  Class Action Allegations**

10. Pursuant to the Federal Rules of Civil Procedure, Rule 23(a) and 23(b), Plaintiff brings this action on his own behalf and on behalf of a nationwide class (the "Nationwide Class" or "Class" or "Class Members") of similarly situated persons who plaintiff asserts is defined as follows:

> **Natural persons and citizens of the United States of America, who are convicted non-violent felons who completed their sentence(s) more than five years ago, have not committed any crimes within such time, are not fugitives from justice, have not been discharged from the Armed Forces under dishonorable conditions, are not unlawful users of or addicted to any controlled substances, have not been adjudicated as mental defectives or committed to a mental institution, are not on parole or probation, are not under indictment or restraint, desire to purchase a firearm for lawful purposes, but refrain from doing so only because they reasonably fear criminal prosecution under 18 U.S.C. § 922(g)(1) as directed and enforced by the defendants, and are accordingly deprived of their fundamental Second Amendment right(s) due to enforcement of 18 U.S.C. § 922(g)(1), against them.**

Plaintiff and Class Members jointly referred to as "plaintiffs" herein.

11. The plaintiffs seek certification of claims for declaratory relief pursuant to 28 U.S.C. 2201, injunctive relief pursuant to 28 U.S.C. 2202 and costs and reasonable counsel fees pursuant to 28 U.S.C. 2412.

12. This action is brought as a class action pursuant to the Federal Rules of Civil Procedure, Rule 23.

13. **Numerosity of the Nationwide Class:** The Nationwide Class is so numerous that the individual joinder of all members, in this or any action is impracticable. The exact number or identification of Class members is presently unknown to plaintiff,

but is believed to be well in excess of five million. [1]   The identity of Class members and their last known addresses may be ascertained from defendants' records. Class Members may be informed of the pendency of this action by a combination of means including but not limited to direct mail, perhaps utilizing records possessed by defendants, public notice /legal advertisements including use of the internet, leading to registration on a website (e.g., www.americansforcivilrights.org/join-the-class-action is a webpage that plaintiff has set up for such purpose).

14. **Common Questions of Law**: Common legal questions shared by the Class that concern the United States Constitution include:

   a. Does 18 U.S.C. § 922(g)(1) *as applied* to the Class violate their fundamental Second Amendment right to bear arms?

   b. Does 18 U.S.C. § 922(g)(1) *as applied* to the Class, deprive them of their fundamental liberty interest encompassed by the Fifth Amendment?

   i. Does 18 U.S.C. § 922(g)(1) as applied to the Class, violate their substantive due process rights?

   ii. Does 18 U.S.C. § 922(g)(1) *as applied* to the Class, violate their procedural due process rights, by depriving them of their opportunity to be heard at a meaningful time and in a meaningful manner, before

---

[1] As reported on 10-/24/2012 by Reuters, Christopher Uggen, a University of Minnesota sociologist, who co-authored a 2006 book, "Locked Out: Felony Disenfranchisement and American Democracy" participated in a 2010 study that found there were approximately 20 million felons in the United States, including 1.5 million that were then incarcerated.  Of the 18.5 million that were no longer incarcerated as of 2010, and the additional numbers of felons that have been released since 2010, plaintiff submits that it is a reasonable assumption that the class of non-violent felons identified as Class members herein, exceeds five million.

permanently depriving them of their Second Amendment core right to bear arms?

c. Is 18 U.S.C. § 922(g)(1) *as applied* to plaintiffs, an unlawful bill of attainder under the U.S. Constitution, Article I, § 9, Clause 3, insofar as it amounts to a legislative determination of guilt (i.e., "*non-violent* felons are essentially the same as *violent* felons" – stated another way: "guilt by association"), and a legislative imposition of punishment upon plaintiffs who are affiliated with an easily ascertainable group (i.e., "felons") without a judicial trial, thereby usurping the role of judicial determination and sentence?

d. Should the Court determine that 18 U.S.C. §922(g)(1) as codified in the Criminal Code, which only affects convicted felons, and which *permanently* deprives the Class of their fundamental Second Amendment right to bear arms, is a violation of the Eighth Amendment's safeguard against cruel and unusual punishment, *as applied* to the Class?

e.  Are Class Members entitled to the same presumption of being "law-abiding citizens" under the Act, as ordinary citizens who have never been convicted of a crime?

f. Is there any basis to assume that a *non-violent* felony offender who has completed his/her sentence and has been law abiding for more than five years, will become a *violent* offender simply because (s)he is permitted to possess a firearm?

7

       i.  If there *is* no such basis, shouldn't 18 U.S.C. § 922(g)(1) be deemed unconstitutional under the Second Amendment *as applied* to the Class?

   g.  Is there any basis to assume that a non-violent felony offender who has completed his/her sentence and has been law abiding for more than five years, will become a repeat non-violent offender simply because (s)he is permitted to possess a firearm?

       i.  If there *is* no basis shouldn't 18 U.S.C. § 922(g)(1) be deemed unconstitutional under the Second Amendment as applied to the Class?

15. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class because plaintiff and the Class Members are all non-violent felons who completed their sentences more than five years ago, have not committed any crimes within such time, are not fugitives from justice, have not been discharged from the Armed Forces under dishonorable conditions, are not unlawful users of or addicted to any controlled substances, have not been adjudicated as mental defectives or committed to a mental institution, are not on parole or probation,  are not under indictment or restraint, and desire to purchase a firearm for lawful purposes, but refrain from doing so only because they reasonably fear criminal prosecution under 18 U.S.C. § 922(g)(1) as directed and enforced by the defendants, and are accordingly deprived of their fundamental Second Amendment right(s) due to enforcement of 18 U.S.C. § 922(g)(1), against them.

Thus, the asserted constitutional violations for both plaintiff and the Class Members are identical.

16. **Adequacy**: Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent.  Plaintiff intends to prosecute this action vigorously. Plaintiff will fairly and adequately protect the interest of the members of the Class.

17. This suit may also be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) because plaintiff and the Class seek declaratory and injunctive relief, and all of the above factors of numerosity, common questions of law, typicality and adequacy are present. Defendants have acted on grounds generally applicable to plaintiff and the Class as a whole, thereby making declaratory and/or injunctive relief proper.

18. **Predominance and Superiority**: This suit may also be maintained as a class action under Federal Rules of Civil Procedure 23(b)(3) because questions of law common to the Class predominate over the questions affecting only individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute.

19. Under Federal Rules of Civil Procedure Under Rule 23(b)(1)(A), there is also a risk that Class Members, who share *identical* characteristics as set forth in par. 10 above - *if relegated to filing individual actions to seek redress* - would see those actions result in inconsistent or varying adjudications that would establish incompatible standards of conduct for the defendants.

20. Furthermore, it would be virtually impossible for the Class Members, on an individual basis, to obtain effective redress for the wrongs done to them. Moreover, even if Class Members themselves could afford such individual litigation, the court system could not. Individual litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expenses to all parties and the court system presented by the complex legal issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I

## Declaratory Judgment 28 U.S.C. 2201

21. Plaintiffs repeat paragraphs 1 through 20 above as though more fully set forth at length herein.

22. Although the *express* purpose of the Act states that its intention was "to provide support to…law enforcement officials in their fight against crime <u>and</u> [2] violence," the statute as written, *only* provides support to law enforcement officials in their fight against *violent crime*.

23. The subject matter of each and every section of the Act deals specifically with firearms, ammunition and the controls and restrictions to be placed thereon, and

---

[2] emphasis added

excludes any reference to e.g., "white collar" crimes such as "insider trading" or "mortgage fraud," etc.

24. With particular respect to § 922(g)(1) of the Act, there is no empirical data available or any rational basis to suggest that prohibiting a non-violent felon from possessing a firearm would do *anything* to prevent him/her from committing another *non-violent* crime, nor is there anything in the Act to suggest otherwise.

25. Thus, the use of the conjunctive "and" in the stated purpose of the Act is *ambiguous* at best where the statute is inherently designed to safeguard against *violent* crimes and not *all* crimes generally.

26. Accordingly, plaintiffs are entitled to a declaration by this Court that the *implicit* purpose of the Act was to prevent violent crimes.

## COUNT II

## <u>Declaratory Judgment 28 U.S.C. 2201</u>

27. Plaintiffs repeat paragraphs 1 through 20 and 22 through 26 above as though more fully set forth at length herein.

28. The characteristics of the Class as set forth in paragraph 10 above, to be proven upon the trial or earlier disposition of this action, establish that the plaintiffs are no more dangerous than ordinary "law-abiding" citizens who have never been convicted of any crime.

29. Accordingly, plaintiffs are entitled to a declaration by this Court that they enjoy the same *presumption* of being (a) "law-abiding" citizen(s) as any *non-convicted*

person(s) are, and are entitled to enjoy the same fundamental Second Amendment right(s).

## COUNT III

### Declaratory Judgment 28 U.S.C. 2201 & Injunctive Relief 28 U.S.C. 2202 <u>Violation of Second Amendment and Substantive Due Process under Fifth Amendment *As Applied*</u>

30. Plaintiffs repeat paragraphs 1 through 20, 22 through 26 and 28 through 29 above as though more fully set forth at length herein.

31. The Fifth Amendment provides, in pertinent part, "… [no person] shall be deprived of life, liberty, or property, without due process of law…"

32. All core, fundamental rights spring from the Constitution itself, which is the very foundation for all laws in this nation. The Second Amendment contains no express or implied limitation on the right of *any* citizen, *including felons*, to keep and bear arms.

33. If Congress intended to limit such right, it could have done so, as it did with respect to the right to vote, under section 2 of the 14th amendment.

34. By virtue of the forgoing, plaintiffs are within the class of citizens that the Second Amendment was designed to protect.

35. Plaintiffs seek to purchase a firearm for lawful purposes and therefore the 18 U.S.C. § 922(g)(1) prohibition *as applied* to the Class, deprives them of a core, fundamental liberty guaranteed to them by the Second Amendment.

36. Plaintiffs are no more dangerous than any other law-abiding citizens who have never been convicted of any crimes.

37. Inasmuch as plaintiffs' are deprived of a core fundamental liberty, 18 U.S.C. § 922(g)(1), *as applied* to plaintiffs, needed to be narrowly tailored to serve a compelling governmental interest.  Under a *strict scrutiny* analysis, the burden of proof is on the defendants to show that the means they used to affect the purpose of the statute was the *least* intrusive to plaintiffs.

38. Although the *compelling* governmental interest in 18 U.S.C. § 922(g)(1) was to prevent violent crimes, the statute *as applied* to plaintiffs is not *narrowly tailored* to serve that interest, as it broadly sweeps in a large class of *non-violent* felons within it prohibition, unlawfully encroaching upon plaintiffs' core, fundamental Second Amendment rights.

39. Alternatively, should the Court find that a strict scrutiny standard does not apply, and that an *intermediate scrutiny* standard applies, although the *important* government interest in 18 U.S.C. § 922(g)(1) was to prevent violent crimes, the statute *as applied* to plaintiffs, is not *substantially related* to that interest since it prohibits plaintiffs, a group of non-violent law-abiding citizens, who are just as peaceful as ordinary non-convicted citizens, from possessing firearms, in violation of their Second Amendment rights.   Plaintiffs are therefore entitled to a Declaratory Judgment that their substantive due process rights under the Fifth Amendment have been violated, and consequently, plaintiffs' Second Amendment right(s) have been equally violated.

40. By virtue of the forgoing, plaintiffs are also entitled to injunctive relief pursuant to 28 U.S.C. 2202 enjoining the defendants from enforcing 18 U.S.C. § 922(g)(1) against them.

## COUNT IV

### Declaratory Judgment 28 U.S.C. 2201 & Injunctive Relief 28 U.S.C. 2202
### <u>Violation of Second Amendment and Procedural Due Process under Fifth Amendment *As Applied*</u>

41. Plaintiffs repeat paragraphs 1 through 20, 22 through 26, 28 through 29, and 31 through 36 above, as though more fully set forth at length herein.

42. There is no procedure incorporated into the criminal adjudication process to determine in advance whether felons such as plaintiffs, either *then*-presently or in the future, are/were likely to be a threat to use a firearm in an act of violence.

43. The plaintiffs had no opportunity to present evidence regarding whether they each posed such a threat, and were given no notice and opportunity to be heard on 18 U.S.C. § 922(g)(1)'s automatic imposition of a *permanent* civil disability.

44. The judges presiding over the criminal cases of each plaintiff had no discretion to hear such evidence or to make any order affecting the civil ban enacted by 18 U.S.C. § 922(g)(1).

45. Thus, the criminal trials and sentencing processes that plaintiffs were subjected to, did not provide any procedural due process in regard to the civil disability imposed by 18 U.S.C. § 922(g)(1), permanently depriving plaintiffs of their core, fundamental constitutional right(s) to bear arms under the Second Amendment.

46. Further, 18 U.S.C. § 922(g)(1) provides no process at all for plaintiffs who have been *inaccurately presumed to pose a threat* to commit future acts of armed violence, to seek judicial review of that presumption that has deprived them of their fundamental right(s) *for their entire lives*.

47. Procedural due process requires that any government action that deprives a person of life, liberty, or property be implemented in a fair manner, *United States v. Salerno*, 481 U.S. 739, 747, 107 S.Ct. 2095 (1987).

48. Procedural due process is the "opportunity to be heard at a meaningful time and in a meaningful manner," *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S.Ct. 893 (1976).

49. The government's interest in preventing gun violence by felons is substantial, but not so substantial that it can justify depriving a large number of law-abiding citizens  - *plaintiffs - who do not pose such a threat -*  of their right without either a hearing before the deprivation, or a post-deprivation hearing at a meaningful time.

50. By virtue of the forgoing, plaintiffs are entitled to a declaratory judgment that they were deprived of their right(s) to procedural due process under the Fifth Amendment, and deprived of their core, fundamental right to bear arms under the Second Amendment.

51. By virtue of the forgoing, plaintiffs are also entitled to injunctive relief pursuant to 28 U.S.C. 2202, enjoining the defendants from enforcing 18 U.S.C. § 922(g)(1) against them.

# COUNT V

## Declaratory Judgment 28 U.S.C. 2201 & Injunctive Relief 28 U.S.C. 2202
## Violation of Second Amendment and U.S. Constitution Art. I § 9  Cl. 3
## ("Unlawful Bill of Attainder")

52. Plaintiffs repeat paragraphs 1 through 20, 22 through 26, 28 through 29, 31 through 36 above, and 42 through 49, as though more fully set forth at length herein.

53. "The theory upon which our political institutions rest is, that all men have certain inalienable rights -- that among these are life, liberty, and the pursuit of happiness; and that in the pursuit of happiness all avocations, all honors, all positions, are alike open to everyone, and that in the protection of these rights all are equal before the law.  Any deprivation or suspension of any of these rights for past conduct is punishment, and can be in no otherwise defined," *Cummings v. Mo*., 71 U.S. 277, 18 L. Ed. 356, 1866 U.S. LEXIS 885, 4 Wall. 277 (U.S. 1867).

54. Defendants cannot avail of any pretext assertion that "18 U.S.C. § 922(g)(1) is *not* intended to punish but is intended to serve as a public safety measure in the prevention of violent crime," since "punishment" by definition includes several purposes: retributive, rehabilitative, deterrent and preventative, *United States v. Brown*, 381 U.S. 437, 85 S. Ct. 1707, 14 L. Ed. 2d 484, 1965 U.S. LEXIS 2206, 51 Lab. Cas. (CCH) P19,752, 59 L.R.R.M. 2353 (U.S. 1965).

55. 18 U.S.C. § 922(g)(1) *as applied* to plaintiffs, constitutes a *legislative* determination of "guilt by association" (i.e., "*non-violent* felons such as plaintiffs,

are essentially the same as *violent* felons" – no distinction drawn by the statute), and a *legislative* imposition of a *life-long* punishment upon plaintiffs for their past felony offense(s), usurping the role of the judiciary to make such determination – *if any* - and imposition.

56. Plaintiffs are a *subset* of a specific group identity ("felons") that have a meaningful existence outside of 18 U.S.C. § 922(g)(1).

57. By  virtue of the forgoing, plaintiffs are entitled to a Declaratory Judgment under 28 U.S.C. 2201, that 18 U.S.C. § 922(g)(1) *as applied* to plaintiffs, constitutes an unlawful bill of attainder under the U.S. Constitution, Article I, § 9, Clause 3, that consequently violates plaintiffs' fundamental Second Amendment right(s) to bear arms.

58. Plaintiffs are also entitled to injunctive relief under 28 U.S.C. 2202, enjoining the defendants from enforcing 18 U.S.C. § 922(g)(1) against them.


## COUNT VI

**Declaratory Judgment 28 U.S.C. 2201 & Injunctive Relief 28 U.S.C. 2202**
**Violation of Second Amendment, Fifth Amendment and**
**Eighth Amendment Right Against Cruel and Unusual Punishment**

59. Plaintiffs  repeat  paragraphs  1  through  20,  22  through  26,  28  through  29,  31 through 36 above, 42 through 49, and 53 through 54, as though more fully set forth at length herein.

60. Plaintiffs dutifully served their sentences as prescribed by the judiciary in each of their given cases, but are now subjected to *additional punishment* meted out by Congress and enforced by the defendants, in the form of a permanent or lifelong deprivation of a core, fundamental liberty (*plaintiffs' right to bear arms under the Second Amendment*), without any substantive or procedural due process of law, notwithstanding the fact that by their very nature and essence, they are non-violent and have been law-abiding for a period greater than five years from the completion of their respective sentences.

61. That the permanency and nature of the deprivation, when viewed in the light and relation to the offense committed, constitutes a cruel and unusual punishment as a matter of law.

62. By virtue of the forgoing, plaintiffs are entitled to a Declaratory Judgment under 28 U.S.C. 2201, that 18 U.S.C. § 922(g)(1) *as applied* to plaintiffs, constitutes a violation of plaintiffs' Eighth Amendment right against cruel and unusual punishment, as well as a violation of plaintiffs' Fifth Amendment right to substantive and procedural due process, and Second Amendment right to bear arms.

63. Plaintiffs are also entitled to injunctive relief under 28 U.S.C. 2202, enjoining the defendants from enforcing 18 U.S.C. § 922(g)(1) against them.

**WHEREFORE**, plaintiffs respectfully demand judgment against defendants as follows:

1. On Count I, awarding plaintiffs a declaratory judgment against defendants pursuant to 28 U.S.C. 2201, that the *implicit* purpose of the Act was to prevent violent crimes; and

2. On Count II, awarding plaintiffs a declaratory judgment against defendants pursuant to 28 U.S.C. 2201 that plaintiffs enjoy the same *presumption* of being (a) "law-abiding" citizen(s) as any *non-convicted* person(s) are, and are entitled to enjoy the same fundamental Second Amendment right(s); and

3. On Count III, awarding plaintiffs:

   a. a declaratory judgment against defendants pursuant to 28 U.S.C. 2201, that plaintiffs' substantive due process rights under the Fifth Amendment have been violated, and consequently, plaintiffs' Second Amendment right(s) have also been equally violated; and

   b. permanent injunctive relief under 28 U.S.C. 2202 enjoining the defendants from enforcing 18 U.S.C. § 922(g)(1) against them;  and

4. On Count IV:

   a.  awarding plaintiffs a declaratory judgment against defendants pursuant to 28 U.S.C. 2201, that plaintiffs were deprived of their right(s) to procedural due process under the Fifth Amendment, and deprived of their core, fundamental right to bear arms under the Second Amendment; and

   b. permanent injunctive relief under 28 U.S.C. 2202 enjoining the defendants from enforcing 18 U.S.C. § 922(g)(1) against them; and

5.  On Count V:

    a.   awarding plaintiffs a declaratory judgment against defendants pursuant to 28 U.S.C. 2201, that 18 U.S.C. § 922(g)(1) *as applied* to plaintiffs, constitutes an unlawful bill of attainder under the U.S. Constitution, Article I, § 9, Clause 3, that consequently violates plaintiffs' fundamental Second Amendment right(s) to bear arms; and

    b.  permanent injunctive relief under 28 U.S.C. 2202 enjoining the defendants from enforcing 18 U.S.C. § 922(g)(1) against them; and

6.  On Count VI:

    a.   awarding plaintiffs a declaratory judgment against defendants pursuant to 28 U.S.C. 2201, that 18 U.S.C. § 922(g)(1) *as applied* to plaintiffs, constitutes a violation of plaintiffs' Eighth Amendment right against cruel and unusual punishment, as well as a violation of plaintiffs' Fifth Amendment right to substantive and procedural due process, and Second Amendment right to bear arms; and

    b.  permanent injunctive relief under 28 U.S.C. 2202 enjoining the defendants from enforcing 18 U.S.C. § 922(g)(1) against them; and

7.  Awarding plaintiffs reasonable counsel fees, costs and disbursements pursuant to 28 U.S.C. 2412; and

8.  Such other and further relief which the Court deems just and proper.

**Undersigned attorney Michael E. Zapin certifies that he will comply with LR IA 10-2 within 45 days of the filing hereof.**

DATED: March 15, 2016

**Yours, etc.**

***/s/ Michael E. Zapin***
Michael E. Zapin, Esq.
**LAW OFFICES OF MICHAEL E. ZAPIN**
***Counsel for Plaintiffs***

20283 State Rd. 7
Suite 400
Boca Raton, FL 33498
Tel. 561.367.1444
Fax. 561.336.9225
(Fl. Bar No. 0037264)
**Designated Primary Email for Electronic**
**Service of Process:**
**michaelezapin@gmail.com**

***/s/ Herman A. Saitz***
Herman A. Saitz, Esq.
*Co-Counsel/Resident (Local) Counsel for Plaintiffs*
2001 Redbird Drive
Las Vegas, NV 89134
Tel. 702.807.5757
(NV Bar. No. 389)
**Designated Primary Email for Electronic**
**Service of Process:**
**hermansaitz@icloud.com**