JOHN R. TYLER
Assistant Branch Director
DANIEL RIESS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Telephone: (202) 353-3098
Email: Daniel.Riess@usdoj.gov
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARRY MICHAELS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LORETTA E. LYNCH, Attorney General of the United States, in her official capacity; and THOMAS E. BRANDON, Deputy Director, Bureau of Alcohol, Tobacco, Firearms & Explosives, in his official capacity,<br><br>　　　　　Defendants. | Case No: 2:16-cv-00578-JAD-PAL<br><br>**MOTION TO DISMISS** |

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendants Loretta E. Lynch, Attorney General of the United States, in her official capacity; and Thomas E. Brandon, Deputy Director of the Bureau of Alcohol, Tobacco, Firearms & Explosives, move to dismiss Plaintiff's complaint. In accordance with Local Civil Rule 7-2(a), this motion is supported by the following memorandum of points and authorities.

Dated: July 25, 2016.

Respectfully submitted,

JOHN R. TYLER
Assistant Branch Director, Federal Programs Branch

/s/ Blaine T. Welsh for
DANIEL RIESS
Trial Attorney

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff, a convicted felon, seeks to challenge the constitutionality of 18 U.S.C. § 922(g)(1), which prohibits firearms possession by persons convicted of crimes punishable by more than one year's imprisonment.  The Court, however, should dismiss the complaint in its entirety for lack of Article III standing.  Because Nevada state law prohibits felons from possessing firearms, Plaintiff cannot demonstrate that a favorable ruling is likely to redress his alleged injury, as is required under Article III in order for Plaintiff to establish standing.  The Court furthermore lacks jurisdiction over the first two counts of Plaintiff's complaint because he has not identified an applicable waiver of sovereign immunity by which the United States has consented to suit.  It is black letter law that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.

Additionally, even if Plaintiff could overcome these jurisdictional bars, which he cannot, Plaintiff also fails to state claims on which relief can be granted, which requires the dismissal of the complaint in its entirety under Fed. R. Civ. P. 12(b)(6).  Counts I and II, asserted under the Declaratory Judgment Act, do not state a valid claim because that Act does not provide Plaintiff with a private right of action.  Count III, which asserts a Second Amendment claim, is not legally valid because the Ninth Circuit has held that felons such as Plaintiff do not fall within the scope of that Amendment's protection.  Count IV, which asserts a due process claim, also fails as a matter of law because Plaintiff identifies no protected liberty or property interest, and in any event, due process does not require the government to provide a hearing where the results of such a hearing would have no bearing on whether the firearms prohibition at issue applies to him.  Finally, Counts V and VI have no merit because the federal prohibition on firearms possession by felons does not violate the constitutional prohibitions against bills of attainder or cruel and unusual punishment.

## II.     BACKGROUND

### A.     18 U.S.C. § 922(g)(1)

"Enacted in its earliest incarnation as the Federal Firearms Act of 1938, [18 U.S.C. § 922(g)(1)] initially covered those convicted of a limited set of violent crimes such as murder, rape, kidnapping, and burglary, but extended to both felons and misdemeanants convicted of qualifying offenses." *United States v. Booker*, 644 F.3d 12, 24 (1st Cir. 2011), *cert. denied*, 132 S. Ct. 1538 (2012) (citations omitted); *see* Federal Firearms Act, ch. 850, §§ 1(6), 2(f), Pub. L. No. 75-785, 52 Stat. 1250, 1250-51 (1938). In 1961, Congress amended this Act to prohibit "any person . . . convicted of a crime punishable by imprisonment for a term exceeding one year" from "receiv[ing] any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." *See* An Act to Strengthen the Federal Firearms Act, Pub. L. No. 87-342, 75 Stat. 757 (1961); H.R. Rep. No. 87-1202, at 4-5 (1961). Congress introduced the amendment at the specific request of the Attorney General as "an integral part of an anticrime legislative program" in response to the "exploding crime rate" of recent years. H.R. Rep. No. 87-1202, at 2. Its purpose was to "better assist local authorities in the common assault on crime" and to "make it more difficult for the criminal elements of our society to obtain firearms." *Id*.

These prohibitions are codified at 18 U.S.C. § 922(g)(1), which, as amended, prohibits "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from "possess[ing] in or affecting commerce, any firearm or ammunition." Excluded from "[t]he term 'crime punishable by imprisonment for a term exceeding one year'" are "State offense[s] classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20)(B).[1]

### B.     Plaintiff's Conviction

In 1997, a criminal indictment was filed against Plaintiff in the U.S. District Court for the Central District of California. *See* Docket Sheet, *United States v. Michaels*, No. 2:97-cr-00799

---

[1] Also excluded is "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored . . . unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." *Id.* § 921(a)(20).

1  (C.D. Cal. Aug. 21, 1997) (attached as Ex. 1). On May 6, 1998, Plaintiff pleaded guilty to one

2  count of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 U.S.C. § 240.10b-5;

3  and to one count of subscribing to a false tax return, in violation of 26 U.S.C. § 7206(1).

4  Judgment and Probation/Commitment Order, *United States v. Michaels*, No. 2:97-cr-00799 (C.D.

5  Cal. May 11, 1998) (attached as Ex. 2).[2] Plaintiff was sentenced to 21 months' imprisonment,

6  and three years of supervised release. *Id*. at 1.

7  **III.   LEGAL STANDARDS**

8       Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Federal

9  Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of a claim or action for lack

10  of subject matter jurisdiction. Federal district courts are courts of limited jurisdiction, and

11  "presume [ ] that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins.*

12  *Co. of Am.*, 511 U.S. 375, 377 (1994). The plaintiff bears the burden of proving that the case is

13  properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)

14  (citation omitted). When a challenge to subject matter jurisdiction has been properly raised, the

15  opposing party must "present affidavits or any other evidence necessary to satisfy its burden of

16  establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of*

17  *Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

18       Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss for failure to

19  state a claim on which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the

20  legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under a

21  Rule 12(b)(6) challenge, a court accepts the factual allegations in the complaint as true, but the

22  court does not accept as true legal conclusions couched as factual allegations. *Brown v. Elec.*

23  *Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013). "Dismissal is proper when the complaint does

24  not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable

25

26

27

28  [2] Exhibits 1 and 2 have been redacted in accordance with the Federal Rule of Civil Procedure 5.2 and
Local Civil Rule 6-1.

1    legal theory." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir.

2    2013).[3]

3    **IV.    ARGUMENT**

4        **A.    The Court Should Dismiss the Complaint Because Plaintiff Fails to Satisfy the Redressability Requirement of Article III Standing.**

5          "Article III of the Constitution grants the federal courts the power to decide legal

6    questions only in the presence of an actual 'Cas[e]' or 'Controvers[y].'" *Wittman v.*

7    *Personhuballah*, 136 S. Ct. 1732, 1736 (2016). "This restriction requires a party invoking a

8    federal court's jurisdiction to demonstrate standing." *Id.* (citing *Arizonans for Official English v.*

9    *Arizona*, 520 U.S. 43, 64 (1997)). To establish standing, (1) the plaintiff must have suffered an

10   "injury in fact;" (2) "there must be a causal connection between the injury and the conduct

11   complained of – the injury has to be fairly traceable to the challenged action of the defendant, and

12   not the result of the independent action of some third party not before the court; and (3) it must be

13   likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

14   *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and punctuation

15   omitted).

16         Determining redressability "requires an analysis of whether the court has the power to

17   right or to prevent the claimed injury." *Barnum Timber Co. v. U.S. E.P.A.*, 633 F.3d 894, 899

18   (9th Cir. 2011). "There is no standing if, following a favorable decision, whether the injury

19

20   ─────────────
21   [3] In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court may consider "matters properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir.

22   2007) (citation and internal punctuation omitted). Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Court

23   may take judicial notice of Exhibits 1 and 2 as undisputed matters of public record. *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (taking judicial notice of filings in state court

24   proceeding); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial

25   system, if those proceedings have a direct relation to matters at issue.") (citation and internal punctuation omitted); *White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (taking judicial notice of docket sheet in a

26   different federal case); *Bell v. Smith*, No. 2:14-cv-01730, 2015 WL 7432948, at *4 (D. Nev. Nov. 3, 2015) (taking judicial notice that plaintiff had been charged with being a felon in possession of a firearm in

27   plaintiff's pending criminal case); *Ferm v. McCarty*, No. 2:12-cv-00782, 2014 WL 6983234, at *3 (D. Nev. Dec. 9, 2014) (taking judicial notice of plaintiff's indictment, plea agreement, and transcript of plea

28   colloquy).

1  would be redressed would still depend on 'the unfettered choices made by independent actors not

2  before the courts.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting

3  *ASARCO Inc. v. Kadish*, 490 U.S. 605, 615 (1989)).  Here, Plaintiff cannot satisfy the

4  redressability prong of Article III standing.  Independently of 18 U.S.C. § 922(g)(1), Nevada law

5  prohibits the possession of firearms by a person who "[h]as been convicted of . . . a felony in

6  violation of the laws of the United States of America." Nev. Rev. Stat. Ann. § 202.360(1)(b).[4]

7  Because of this state-law prohibition on the possession of firearms by felons, granting Plaintiff his

8  requested relief and invalidating Section 922(g)(1) will not redress his alleged injury (the inability

9  to possess a firearm); the federal prohibition "would simply fall away," leaving intact the Nevada

10  prohibition on firearms possession by felons.  *White v. United States*, No. 08-118, 2009 WL

11  173509, at *5 (S.D. Ohio Jan. 26, 2009); *see Get Outdoors II, LLC v. City of San Diego*, 506 F.3d

12  886, 894-95 (9th Cir. 2007) (declining to reach constitutional claims challenging denial of permit

13  application on the basis of one provision of law when other, independent laws required same

14  denial); *McConnell v. FEC*, 540 U.S. 93, 229 (2003) (no standing where, following invalidation

15  of the federal law, "limitations imposed by [state law] . . . would remain unchanged," and so a

16  favorable ruling "w ould not redress [the] alleged injury"), *overruled on other grounds by Citizens*

17  *United v. Fed. Election Comm'n*, 558 U.S. 310 (2010).  Where Plaintiff's injury would not be

18  ameliorated by action of the Court, there is no standing. *See Steel Co. v. Citizens for a Better*

19  *Env't*, 523 U.S. 83, 107 (1998) ("Relief that does not remedy the injury suffered cannot bootstrap

20  a plaintiff into federal court; that is the very essence of the redressability requirement.").

21      Because Plaintiff has failed to satisfy the redressability requirement of Article III standing,

22  the Court should dismiss the complaint for lack of subject matter jurisdiction.

23      **B.**    **The Court Should Dismiss Counts I and II for Lack of Subject Matter**

24          **Jurisdiction.**

25      "The United States, as a sovereign, is immune from suit unless it has waived its

26  immunity." *Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003).  This

27

28  [4] Though this prohibition does not apply if the person in question "has received a pardon and the pardon does not restrict his or her right to bear arms," *id.*, Plaintiff does not allege that he has received a pardon.

1 immunity extends to federal officials sued in their official capacities. *See Gilbert v. DaGrossa*,

2 756 F.2d 1455, 1458 (9th Cir. 1985) ("[T]he bar of sovereign immunity cannot be avoided by

3 naming officers and employees of the United States as defendants."). Because Plaintiff fails to

4 identify a valid sovereign immunity waiver for Counts I and II, the Court should dismiss those

5 Counts for lack of subject matter jurisdiction. *See, e.g.*, *United States v. Mitchell*, 463 U.S. 206,

6 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that

7 the existence of consent is a prerequisite for jurisdiction.").

8     Count I seeks a declaration that "the *implicit* purpose" of the Gun Control Act of 1968

9 "was to prevent violent crimes," Compl. ¶ 26 (emphasis in original), and Count II seeks a

10 declaration that Plaintiff "enjoy[s] the same *presumption* of being (a) 'law-abiding' citizen(s) as

11 any *non-convicted* person(s) are." *Id.* ¶ 29 (emphasis in original). The complaint alleges that

12 Counts I and II arise under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See* Compl. ¶¶ 21-

13 29. That Act provides in relevant part that "[i]n a case of actual controversy *within its*

14 *jurisdiction*, . . . any court of the United States, upon the filing of an appropriate pleading, may

15 declare the rights and other legal relations of any interested party seeking such declaration,

16 whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).

17 However, the Act "does not constitute the United States' consent to be sued, it 'merely grants an

18 additional remedy in cases where jurisdiction already exists in the court.'" *W. Shoshone Nat'l*

19 *Council v. United States*, 408 F. Supp. 2d 1040, 1047-48 (D. Nev. 2005) (quoting *Brownell v.*

20 *Ketcham Wire & Mfg. Co.*, 211 F.2d 121, 128 (9th Cir. 1954)). Absent a valid sovereign

21 immunity waiver, the Court lacks subject matter jurisdiction over Counts I and II. *See also*

22 *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1382-

23 83 (9th Cir. 1988) (explaining that the Declaratory Judgment Act "does not constitute an

24 independent basis for jurisdiction") (citation omitted). The Court should therefore dismiss Counts

25 I and II for lack of subject matter jurisdiction.

26

27

28

7

**C.**     **The Court Should Dismiss the Complaint for Failure to State a Claim.**

      **1.**     **The Court Should Dismiss Counts I and II Because Plaintiff Cannot Assert a Stand-Alone Cause of Action Under the Declaratory Judgment Act, and Has No Private Right of Action to Enforce the Preamble to the Gun Control Act.**

      The Declaratory Judgment Act is also insufficient to provide a cause of action for Counts I and II of Plaintiff's complaint, and absent a cause of action, Plaintiff's claims must be dismissed for failure to state a claim. *See Pettit v. Fed. Nat'l Mortg. Ass'n*, No. 2:11-cv-00149, 2014 WL 584876, at *4, 6 (D. Nev. Feb. 11, 2014) (explaining that "a 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy," and dismissing complaint under Fed. R. Civ. P. 12(b)(6)). As noted above, Count I, which seeks a declaration that the implicit purpose of the Gun Control Act is to prevent violent crimes, and Count II, which seeks a declaration that Plaintiff is entitled to a presumption of being a law-abiding citizen, are asserted under the Declaratory Judgment Act. *See* Compl. ¶¶ 21-29. However, it is well settled that the Declaratory Judgment Act does not create a stand-alone, independent cause of action; instead, it only provides a remedy for existing causes of action. *See Frudden v. Pilling*, 842 F. Supp. 2d 1265, 1280 (D. Nev. 2012) ("Where there is no private right of action, there is no jurisdiction to entertain a request for a declaration under 28 U.S.C. § 2201; to hold otherwise would evade the intent of a legislature not to create private rights of action under those statutes and would circumvent the discretion entrusted to the executive branch in deciding how and when to enforce those statutes. The availability of relief under the Declaratory Judgment Act presupposes the existence of a judicially remediable right."), *rev'd on other grounds*, 742 F.3d 1199 (9th Cir. 2014); *Vitale & Assocs., LLC v. Lowden*, No. 2:12-cv-1400-JAD-VCF, 2015 WL 4603471, at *3 (D. Nev. July 30, 2015) ("[A] declaratory judgment is a remedy, not an independent claim."); 5 Wright & Miller, *Federal Practice and Procedure* § 1238 (3d ed. 2004) ("The Declaratory Judgment Act neither extends the jurisdiction of the federal courts nor enlarges substantive rights.").

      Furthermore, there is no alternative private right of action under which Plaintiff could bring Counts I and II. Other than the Declaratory Judgment Act, the sole basis asserted for

Counts I and II is a statement of congressional purpose issued when Congress enacted the Gun

Control Act. *See* Compl. ¶¶ 21-29 (quoting and relying on Pub. L. No. 90-618, § 101, 82 Stat.

1213-14, which states in relevant part: "The Congress hereby declares that the purpose of this title

is to provide support to Federal, State, and local law enforcement in their fight against crime and

violence, and it is not the purpose of this title to place  any undue or unnecessary Federal

restrictions or burdens on law-abiding citizens with respect to the acquisition, possession, or use

of firearms . . . ."). This cited text is not part of the Gun Control Act itself, *see* 18 U.S.C. § 921 *et

seq.*, but merely a preamble or "statement of Congress' purpose." *United States v. Lam,* 20 F.3d

999, 1001 (9th Cir. 1994). Such a preamble or congressional declaration of purpose creates no

legal rights and has no legal effect. *See Montes v. Bank of Am. NA*, No. 2:13-cv-00660, 2014 WL

1494234, at *13 (D. Nev. Apr. 15, 2014) (dismissing claim based on provision of U.S. Code

carrying the title "Congressional findings and declaration of purpose," because "[t]here is simply

no statutory basis for a cognizable cause of action" for such a provision). Because the

Declaratory Judgment Act does not provide Plaintiff a private right of action, and there is no other

available private right of action, the Court should dismiss Counts I and II for failure to state a

claim.

      **2.     The Court Should Dismiss Count III Because the Ninth Circuit Has
           Held That Felons Do Not Fall Within the Protections of the Second
           Amendment.**

      Felons do not fall within the protections of the Second Amendment, and Plaintiff's Second

Amendment and substantive due process claims are therefore without merit. Count III of the

complaint seeks a declaration that Plaintiff's inability to possess firearms violates his substantive

due process rights under the Fifth Amendment, and that consequently, his "Second Amendment

right(s) have been equally violated." Compl. ¶ 39. Initially, Plaintiff does not assert a valid Fifth

Amendment claim; where the Second Amendment "provides an explicit textual source" to

analyze, it is well established that substantive due process protections are not available. *See

Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an

explicit textual source of constitutional protection against a particular sort of government

behavior, that Amendment, not the more generalized notion of substantive due process, must be

the guide for analyzing these claims.") (citation and internal punctuation omitted).  Here, the Second Amendment explicitly provides the relevant constitutional standard to analyze regulation of the "keep[ing] and bear[ing of] arms," U.S. Const. amend. II, and therefore, Plaintiff's Fifth Amendment claim must be dismissed.  *See Wilson v. Holder*, 7 F. Supp. 3d 1104, 1122-23 (D. Nev. 2014) (dismissing substantive due process claim by plaintiff who was prohibited from possessing firearm under 18 U.S.C. § 922(g)(3), as unlawful user of controlled substance); *Texeira v. Cnty. of Alameda*, 822 F.3d 1047, 1052 (9th Cir. 2016) (rejecting gun store owners' equal protection challenge as "no more than a Second Amendment claim dressed in equal protection clothing") (internal punctuation omitted).[5]

Equally unavailing is Plaintiff's Second Amendment challenge.  The Ninth Circuit "held in *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010), that 'felons are categorically different from the individuals who have a fundamental right to bear arms,' and . . . accordingly upheld 18 U.S.C. § 922(g)(1) against a Second Amendment challenge."  *United States v. Phillips*, _ F.3d _, 2016 WL 3675450, at *3 (9th Cir. July 6, 2016); *see also Van Der Hule v. Holder*, 759 F.3d 1043, 1050-51 (9th Cir. 2014) (relying on *Vongxay* to uphold 18 U.S.C. § 922(g)(1) as constitutional). In *Vongxay*, the Ninth Circuit concluded that "there appears to be a consensus that, even given the Second Amendment's individual right to bear arms, felons' Second Amendment rights can be reasonably restricted," 594 F.3d at 1117, and "h[e]ld that § 922(g)(1) does not violate the Second Amendment as it applies to Vongxay, a convicted felon."  *Id.* at 1118 (citing *United States v. Younger*, 398 F.3d 1179 (9th Cir. 2005)).  Like Plaintiff, the defendant in *Phillips* argued that permitting his "non-violent" crime – misprision of a felony – to serve as a predicate for Section 922(g)(1)'s firearms prohibition violated the Second Amendment.  *Phillips*, _ F.3d _, 2016 WL 3675450, at *2.  The Ninth Circuit squarely rejected this argument, holding that "[o]ur decision in *Vongxay* forecloses Phillips's argument."  *Id.* at *3.  These clear holdings by the Ninth Circuit

---

[5] Significantly, substantive due process claims are barred where another constitutional provision addresses the same subject matter, whether or not a plaintiff has a viable claim on the merits under the other provision.  *See Wilson*, 7 F. Supp. 3d at 1123.  It is therefore irrelevant under the Fifth Amendment that Plaintiff's Second Amendment claim must also be dismissed; the mere existence of the Second Amendment suffices to bar Plaintiff's Fifth Amendment claim.  *See Albright*, 510 U.S. at 273.

1  equally foreclose Plaintiff's similar claim that as applied to him, Second 922(g)(1) violates the

2  Second Amendment.  The Court should thus dismiss Count III.

3       **3.    The Court Should Dismiss Count IV Because Plaintiff Has Failed to
            Identify a Protected Liberty or Property Interest, and Because Due**
4       **Process Does Not Require a Hearing to Address a Fact Not Relevant to
            the Substantive Inquiry Here.**
5

6       In Count IV, Plaintiff alleges a purported "procedural due process" claim under the Fifth

7  Amendment, but Plaintiff has not demonstrated either "a deprivation of a constitutionally

8  protected liberty or property interest" or a "denial of [] procedural protections," the two elements

9  required to maintain such a claim.  *Brewster v. Bd. of Education of Lynwood*, 149 F.3d 971, 982

10  (9th Cir. 1998).  Here, as described above, Plaintiff can have no constitutionally protected interest

11  in possessing a firearm because "felons are categorically different from the individuals who have

12  a fundamental right to bear arms."  *Phillips*, _ F.3d _, 2016 WL 3675450, at *3; *see also Wilson*,

13  7 F. Supp. 3d at 1116-19, 1123-24 (rejecting procedural due process claim, asserted by plaintiff

14  who was prohibited from possessing firearms because she possessed a state marijuana registry

15  card, that "Defendants have denied the Plaintiff adequate procedural protections before depriving

16  her of her right to purchase and possess a firearm"; because plaintiff had failed to state a valid

17  Second Amendment claim, her procedural due process claim lacked merit because she had "failed

18  to identify a constitutionally protected liberty or property interest, as required by the Fifth

19  Amendment"); *Fisher v. Kealoha*, 49 F. Supp. 3d 727, 748 (D. Haw. 2014) ("Because Plaintiff

20  cannot establish a liberty or property interest under the Second Amendment, the Court further

21  concludes that Plaintiff cannot establish that his Fourteenth Amendment due process rights were

22  violated.").  Apart from his meritless Second Amendment claim, Plaintiff has not alleged any

23  liberty or property interest of which he has been deprived, and so his procedural due process

24  claim should be dismissed on this basis alone.  *See Wilson*, 7 F. Supp. 3d at 1123 ("The Court

25  need not reach the second element because Plaintiff has not alleged that Defendants deprived her

26  of a constitutionally protected liberty or property interest.") (citing *Bd. of Regents v. Roth*, 408

27  U.S. 564, 569 (1972)).

28

1    Moreover, Plaintiff's procedural due process claim cannot succeed in any event because

2  Plaintiff fails to identify any constitutionally-required procedural due process that he has been

3  denied.  Where the requirements of a law protecting public safety "turn on an offender's

4  conviction alone – a fact that a convicted offender has already had a procedurally safeguarded

5  opportunity to contest," procedural due process does not require an individualized hearing on

6  dangerousness.  *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1, 7 (2003).  The

7  Supreme Court in *Doe* rejected a procedural due process challenge to a state's sex offender

8  registry.  *Id.* at 7-8.  In that case, convicted sex offenders had challenged a law requiring them to

9  register with the state following release from prison, asserting that it offended due process by

10  impinging on their liberty without providing them an opportunity to demonstrate that they, as

11  individuals, were not likely to be currently dangerous.  *Id.* at 4.  The Supreme Court rejected the

12  claim because the government may properly regulate convicted offenders in the interests of public

13  safety based "on the fact of previous conviction, not on the fact of current dangerousness," and

14  thus concluded that "any hearing on current dangerousness is a bootless exercise."  *Id.* at 4, 7-8.

15    Applying *Doe*, courts have easily concluded that felons may be restricted from firearms

16  possession without individualized dangerousness hearings.  *See, e.g.*, *Black v. Snow*, 272 F. Supp.

17  2d 21, 34 (D.D.C. 2003), *aff'd*, 110 F. App'x 130 (D.C. Cir. 2004); *Bell v. United States*, No. 13-

18  5533, 2013 WL 5763219, at *3 (E.D. Pa. Oct. 24, 2013), *aff'd*, 574 F. App'x 59 (3d Cir. 2014).

19  The plaintiff in *Black*, a convicted felon, alleged a procedural due process claim that "he may not

20  be deprived of his right to bear arms without first being afforded the chance to show that he is not

21  dangerous."  *Black*, 272 F. Supp. 2d at 34.  However, the court held that the plaintiff's argument

22  was foreclosed by *Doe*, recognizing that "where it is clear that the government would strip the

23  individual of his liberty even if he were able to prove or disprove the particular the fact or set of

24  facts[], such a hearing would be an exercise in futility, which is not required by *procedural* due

25  process."  *Id.* (emphasis in original).

26    Here, "[t]his understanding of due process dooms any procedural challenge to §

27  922(g)(1)" because "[t]he plain language of that provision makes clear Congress' decision to bar

28  *all* convicted felons (not merely those with violent tendencies or who otherwise present an

1    ongoing danger to society) from possessing firearms." *Black*, 272 F. Supp. 2d at 34 (emphasis in

2    original).  Thus, under *Doe*, "due process does not entitle plaintiff to a hearing to determine

3    whether he is currently dangerous because the results of such a hearing would have no bearing on

4    whether he is subject to the disability imposed by § 922(g)(1)." *Id*. at 35.

5         The court in *Bell* similarly rejected a procedural due process challenge to 18 U.S.C. §

6    922(g)(1) and "conclude[d], for the reasons stated by the District Court, that [the plaintiff]'s

7    procedural due process claim . . . [is] without merit." *Bell*, 574 F. App'x at 61.  As in *Black*, the

8    plaintiff had claimed that Section 922(g)(1) violated due process because the statute had allegedly

9    "deprive[d] [plaintiff] of the ability to possess a firearm without providing him a hearing to

10   determine his future dangerousness." *Bell*, 2013 WL 5763219, at *3 (citation and internal

11   punctuation omitted).  The court rejected this claim for the same reasons stated in *Black*.  *See id*.

12        In short, due process does not require that a procedure be "incorporated into the criminal

13   adjudication process to determine in advance" whether Plaintiff is or was "likely to be a threat to

14   use a firearm in an act of violence," Compl. ¶ 42, because the only matter relevant to Section

15   922(g)(1) is whether Plaintiff was convicted of a crime punishable by more than one year's

16   imprisonment.  *See Doe*, 538 U.S. at 4 ("[D]ue process does not require the opportunity to prove a

17   fact that is not material to the State's statutory scheme"); *Nnebe v. Daus*, _ F. Supp. 3d _, 2016

18   WL 2865473, at *7 (S.D.N.Y. Apr. 28, 2016) ("[I]t is well-established that procedural due

19   process does not require a government agency to provide a party with an individualized hearing

20   where the purpose of such a hearing would be to address a fact not relevant to the applicable

21   substantive inquiry.") (citing cases).  Here, where Plaintiff concedes that he has been convicted of

22   such a crime, *see* Compl. ¶ 1; Ex. 1-2, Plaintiff's procedural due process claim cannot succeed,

23   and Count IV should thus be dismissed.

                    **4.    The Court Should Dismiss Count V Because Section 922(g)(1) Is Not a
24                          Bill of Attainder.**

25

26        In Count V, Plaintiff contends that as applied to him, Section 922(g)(1) violates the United

27   States Constitution's prohibition against bills of attainder.  Compl. ¶¶ 52-58.  This contention has

28   no merit.  Article I, Section 9 of the Constitution provides that "[n]o Bill of Attainder . . . shall be

                                                    13

1  passed." U.S. Const. art. I, § 9, cl. 3. "A bill of attainder is 'a law that legislatively determines

2  guilt and inflicts punishment upon an identifiable individual without provision of the protections

3  of a judicial trial.'" *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 668 (9th Cir.

4  2002) (citing *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977)). The Ninth Circuit has

5  held that 18 U.S.C. §§ 922(d)(1) and (n) – which prohibit the sale of firearms to, or the shipping

6  or transportation of firearms by, persons convicted of or under indictment for a crime punishable

7  by imprisonment exceeding one year – do not constitute bills of attainder because they "set forth a

8  rule generally applicable to all persons possessing a certain characteristic, i.e., having been

9  indicted for a felony," and are therefore "reasonably calculated to achieve a nonpunitive public

10  purpose, i.e., to keep firearms out of the hands of persons who, having been indicted for felonies,

11  may "have a somewhat greater likelihood than other citizens to misuse firearms." *United States v.*

12  *Munsterman*, 177 F.3d 1139, 1142 (9th Cir. 1999); *see also Williams v. United States*, 426 F.2d

13  253, 255 (9th Cir. 1970) (former federal statute prohibiting any person indicted for or convicted

14  of a crime punishable by imprisonment exceeding one year from transporting firearms was not a

15  bill of attainder). For similar reasons, courts have rejected claims that Section 922(g)(1)

16  constitutes a bill of attainder. *See United States v. Stauffer*, 156 F.3d 1241 (9th Cir. 1998) (table);

17  *United States v. Hemmings*, 258 F.3d 587, 594-95 (7th Cir. 2001); *United States v. Davis*, 27 F.

18  App'x 592, 600 (6th Cir. 2001); *Bell*, 574 F. App'x at 61; *Freeze v. Obama*, No. 11-1098, 2011

19  WL 2446596, at *1 (D.D.C. June 15, 2011); *see also Zivkovic v. Reinke*, No. 11-624, 2013 WL

20  6905974, at *3-4 (D. Idaho Dec. 31, 2013) (Idaho statute prohibiting firearms possession by

21  felons was not bill of attainder); *Swartz v. Ryan*, No. CV 12-23, 2014 WL 2048057, at *11-13 (D.

22  Ariz. May 19, 2014) (Arizona statute prohibiting firearms possession by felons was not bill of

23  attainder). In any event, Plaintiff is subject to Section 922(g)(1)'s prohibition against possessing

24  firearms because he has had a "judicial trial," *SeaRiver*, 309 F.3d at 668, as a result of which he

25  was found guilty of a felony. *See Artway v. Att'y Gen. of State of N.J.*, 81 F.3d 1235, 1253 n.15

26  (3d Cir. 1996) (questioning plaintiff's argument that registration provisions of Megan's Law

27  constituted a bill of attainder when he "had a trial, at which he was convicted of the crime

28  triggering registration"). The Court should therefore dismiss Count V.

5.    **The Court Should Dismiss Count VI Because 18 U.S.C. § 922(g)(1)
Does Not Violate the Constitutional Prohibition Against Cruel and
Unusual Punishments.**

Finally, in Count VI, Plaintiff alleges that as applied to him, Section 922(g)(1) violates his right to be free of cruel and unusual punishment under the Eighth Amendment. Compl. ¶¶ 60-63. This allegation is meritless, as courts have repeatedly rejected Eighth Amendment challenges to Section 922(g)(1). *See United States v. Watkins*, 12 F.3d 1110 (9th Cir. 1993) (table); *United States v. Jester*, 139 F.3d 1168, 1170 (7th Cir. 1998); *United States v. Dowis*, __ F. App'x __, 2016 WL 641100, at *2 (11th Cir. Feb. 18, 2016)*; Bell*, 574 F. App'x at 61; *see also United States v. Lewis*, 236 F.3d 948, 950 (8th Cir. 2001) (federal firearms prohibition for conviction of domestic violence misdemeanor did not constitute cruel and unusual punishment). Furthermore, Plaintiff no more succeeds in his reliance on the doctrines of substantive and procedural due process with respect to Count VI than in his equally mistaken reliance on these same doctrines with respect to Counts III and IV, as described above. Count VI should therefore be dismissed.

## V.    CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted.

Dated this 25th day of July 2016.

JOHN R. TYLER
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Blaine T. Welsh for*
DANIEL RIESS
Trial Attorney

**PROOF OF SERVICE**

I hereby certify that this **MOTION TO DISMISS** was served this date on all parties via electronic mail at the following address:

Michael E. Zapin
Law Offices of Michael E. Zapin
20283 State Rd 7, Ste. 400
Boca Raton, Florida  33498
michaelezapin@gmail.com
*Counsel for Plaintiff*

Dated this 25th day of July 2016.

/s/ *Blaine T. Welsh for*
DANIEL RIESS
Trial Attorney