UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Barry Michaels,<br><br>    Plaintiff<br><br>v.<br><br>Loretta Lynch, et al.,<br><br>    Defendants | 2:16-cv-00578-JAD-PAL<br><br>**Order Granting Motion to Dismiss, Denying Countermotion to Amend, and Closing Case**<br><br>[ECF Nos. 19, 36] |

Barry Michaels, a non-violent felon who has completed his sentence, brings this as-applied challenge to the federal law that makes it a crime for a felon to possess any firearm or ammunition that has been transported in interstate or foreign commerce. He sues the United States Attorney General and the Deputy Director of the Bureau of Alcohol, Tobacco, Firearms & Explosives in their official capacities, and he seeks declaratory and injunctive relief. Defendants move to dismiss, and Michaels countermoves for leave to amend his complaint. Because Michaels's claims fail as a matter of well-established Supreme Court and Ninth Circuit law and the proposed amendments would be futile, I grant defendants' dismissal motion, deny Michaels's countermotion for leave to amend, and close this case.

**Background**

Michaels alleges that he is a convicted non-violent felon who completed his sentence more than five years ago and has stayed out of trouble.[1] He desires to purchase a firearm for lawful purposes but refrains from doing so "only because he reasonably fears criminal prosecution under 18 U.S.C. 922(g)(1) as enforced by the defendants, and is accordingly deprived of his Second Amendment right" to bear arms.[2] He also identifies proposed class members as:

   Natural persons and citizens of the United States of America, who are

---

[1] ECF No. 1 at ¶ 1.

[2] *Id.*

> convicted non-violent felons who completed their sentence(s) more than five years ago, have not committed any crimes within such time, are not fugitives from justice, have not been discharged from the Armed Forces under dishonorable conditions, are not unlawful users of or addicted to any controlled substances, have not been adjudicated as mental defective or committed to a mental institution, are not on parole or probation, are not under indictment or restraint, desire to purchase a firearm for lawful purposes, but refrain from doing so only because they reasonably fear criminal prosecution under 18 U.S.C. § 922(g)(1).[3]

Michaels asserts two claims for declaratory judgment, seeking a declaration by this court that the implicit purpose of § 922(g)(1) was to prevent violent crimes[4] and that the class enjoys "the same presumption of being (a) law-abiding citizen(s) as any non-convicted person(s) [ ] and are entitled to enjoy the same fundamental Second Amendment right(s)."[5] He asserts two due-process claims, a claim that § 922(g)(1) operates as an unlawful bill of attainder, and a claim for violation of the Eighth Amendment's prohibition against cruel and unusual punishment—all of which invoke the Second Amendment.

Defendants move to dismiss, arguing that Michaels lacks Article III standing because Nevada state law also prohibits felons from possessing firearms, so Michaels cannot demonstrate that a favorable ruling is likely to redress his alleged injury. Defendants also argue that this court lacks jurisdiction over Michaels's declaratory-judgment claims because Michaels has not identified an applicable waiver of sovereign immunity by which the United States has consented to suit. Even if Michaels could overcome these jurisdictional bars, defendants continue, this case should be dismissed under FRCP 12(b)(6) because the Ninth Circuit has already rejected constitutional challenges to § 922(g)(1).

Michaels opposes defendants' dismissal motion. He also countermoves to amend his complaint to name the Nevada Attorney General as a defendant and to identify 5 U.S.C. §§ 702 and 703 as a valid waiver of immunity, which he claims will render moot defendants' jurisdictional

---

[3] *Id.* at ¶ 10.

[4] *Id.* at ¶ 26.

[5] *Id.* at ¶ 29.

arguments. Michaels's proposed amended complaint omits the two stand-alone declaratory-judgment claims, which he acknowledges are better construed as prayers for relief than independent causes of action. His proposed amended complaint also drops his Fifth Amendment due-process claims, recognizing that these claims are best combined as a single Second Amendment claim. The net result is that Michaels's proposed amended complaint asserts three claims: (1) violation of his Second Amendment right to bear arms, (2) violation of the Eighth Amendment's prohibition against cruel and unusual punishment, and (3) unlawful bill of attainder, and it adds the Nevada Attorney General as a defendant.

## Discussion

### A.  Standards for leave to amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave when justice so requires," but leave to amend may be denied if the proposed amendment is futile.[6] In determining whether to grant leave to amend, district courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint.[7] "Futility alone can justify the denial of a motion to amend."[8]

Rule 8 of the Federal Rules of Civil Procedure requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[9] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[10] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the

---

[6] *Carrico v. City & Cty of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

[7] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (internal citation omitted).

[8] *Id.* (Internal citation omitted).

[9] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[10] *Twombly*, 550 U.S. at 570.

speculative level."[11]  In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[12]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[13]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[14]

**B.  Michaels's claims fail as a matter of law.**

Assuming that Michaels's proposed amendments cure the jurisdictional defects that defendants identified in their dismissal motion, amendment still would be futile because Michaels's claims all rise and fall with his assertion that, as a non-violent felon, he still enjoys full Second Amendment privileges and that strict scrutiny applies to § 922(g)(1) —a position that, as Michaels admits, has been rejected by the Ninth Circuit.  In fact, Michaels does not cite a single case—controlling or persuasive—that supports this view.

In *District of Columbia v. Heller*, a case often cited by criminal defendants challenging the constitutionality of their convictions under § 922(g), the United States Supreme Court held that the Second Amendment protects "an individual right to keep and bear arms" but recognized that this right is "not unlimited."[15]  *Heller* also "established that 'weapons not typically possessed by law-abiding citizens for lawful purposes' are not protected by the Second Amendment, and that certain 'longstanding prohibitions' are 'presumptively lawful regulatory measures,'"[16] expressly cautioning

---

[11] *Iqbal*, 556 U.S. at 678.

[12] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[13] *Id.*

[14] *Id.* at 570.

[15] *District of Columbia v. Heller*, 554 U.S. 570, 595, 626–27 (2008).

[16] *United States v. Chovan*, 735 F.3d 1127, 1133 (9th Cir. 2013) (quoting *Heller*, 554 U.S. at 625–26).

that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."[17]

Relying on this language, the Ninth Circuit in *United States v. Vongxay* rejected a Second Amendment challenge to § 922(g)(1), reasoning that "felons are categorically different from individuals who have a fundamental right to bear arms."[18]  Just last year, in *United States v. Phillips*, the Ninth Circuit rejected an as-applied challenge to § 922(g)(1) by a defendant with a prior conviction for misprision of a felony, which he argued was non-violent and passive and could not constitutionally serve as a basis for depriving him of his right to possess a firearm.  Though the *Phillips* court noted that there may be some "good reasons to be skeptical about the correctness of the current framework of analyzing the Second Amendment rights of [all] felons," it concluded that it was bound by *Heller* and *Vongxay* and upheld the defendant's § 922(g)(1) conviction.[19]

This precedent—most directly *Phillips*—forecloses Michaels's argument that § 922(g)(1) is unconstitutional as applied to him.  I am not persuaded by his attempts to distinguish these cases, and I decline his invitation to "reconsider" this binding precedent.[20]  These cases also foreclose Michaels's arguments that § 922(g)(1) is an unlawful bill of attainder and violates the Eighth Amendment's prohibition against cruel and unusual punishment because it unconstitutionally infringes on his Second Amendment rights.  The Ninth Circuit has also expressly held that "Section 922(g)(1) is not a bill of attainder because it does not determine guilt or remove the protections of a trial."[21]  Because Michaels's claims fail as a matter of law and these defects cannot not be cured by

---

[17] *Heller*, 554 U.S. at 626–27.

[18] *United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010).

[19] *United States v. Phillips*, 827 F.3d 1171, 1176 (9th Cir. 2016).

[20] The Ninth Circuit rejected Michaels's argument that strict scrutiny applies to Second Amendment challenges and applied intermediate scrutiny to 922(g)(9), which prohibits domestic-violence misdemeanants from possessing guns. *Chovan*, 735 F.3d at 1136.

[21] *Williams v. United States*, 426 F.2d 253, 244 (9th Cir. 1970) (holding that a predecessor statute to § 922(g)(1) was not a bill of attainder); *United States v. Munsterman*, 177 F.3d 1139, 1142 (9th Cir. 1999) (holding that analogous provisions of the Gun Control Act prohibiting the sale of firearms to,

amendment, I grant defendants' motion to dismiss, deny Michaels's countermotion to amend, and close this case.

### Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that defendants' motion to dismiss **[ECF No. 19] is GRANTED**, and Michaels's countermotion to amend **[ECF No. 36] is DENIED.**

The Clerk of Court is directed to dismiss all claims with prejudice, enter judgment in favor of the defendants, and CLOSE this case.

Dated this 25th day of January, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

or the shipping or transportation of firearms by, persons convicted of a crime punishable by imprisonment exceeding one year are not bills of attainder).